IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 FEB -7 PM 4:48

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| .VS. ) | CRIMINAL CASE NO: <u>1:09CR00130-001</u> |
| ) | |
| RICKIE L. RAREY ) | |

**PETITION FOR A 28 U.S.C.§ 2255 MOTION TO VACATE,
<u>SET ASIDE, OR CORRECT THE SENTENCE</u>**

AND NOW, Comes, Rickie L. Rarey, whom hereby request this Honorable Court to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. 2255, and in support of this motion the defendant states the following:

1. The Defendant, Rickie L. Rarey indicted on six (6) counts of Sexual Exploitation of Children/Production of Sexually Explicit Images of Minor, pursuant to 18 U.S.C. 2251(a), and one (1) count of Penalties for Registered Sex Offenders, pursuant to 18 U.S.C. 2260A, on August 26, 2009.

2. On August 27, 2009, a notification of assigned judge, automatic not guilty plea, trail date, discovery order and other matters was filed.

3. Based on this motion, it seems that the Defendant was never brought before a magistrate judge to enter a not guilty plea, nor have his rights explained to him for counsel, and to take the case to trial, or to enter a plea.

4. An attorney James McKinley was appointed to the defendant for representation.

5. On December 7, 2009, the Honorable Judge Larry J. McKinney, entered an order that the Defendant having filed with the Court his Petition to Enter Plea of Guilty and Request for Presentence Investigation.

6. On February 12, 2010, this Honorable Court, by the Honorable Judge, Larry J. McKinney, would except the defendant plea of guilty and immediately went to sentencing the defendant to two life sentences to run concurrently.

## RULE 11(c) VIOLATIONS

7. On February 12, 2010, the Defendant would enter a plea of guilty, it is the belief of the defendant that this Honorable Court had failed to provide the necessity requirements of Rule 11(c) to except the plea of guilty.

8. It is believe that this Honorable Court had failed to address to charges that the defendant was about to plea guilty to, and with that informed the defendant that he has the right to go to trial, and if so, he can take the stand in his own behalf, force the Government to present there case against him, and by taking a guilty plea he would waive his rights to trial, to bring and confront witnesses, and force the Government to prove their case against him.

9. It is also believed that the Honorable Court had failed to inform him at the guilty plea hearing the range of sentencing that he could have received, and the mandatory sentences he would receive, including life, which means life without parole, in the Federal System.

10. Then at the guilty plea hearing it is believed that the courts did not inform the defendant his right to counsel during any and all criminal proceedings, nor if he would enter a plea he would be giving up the right of counsel to take him to trial.

11. Then finally, at the guilty plea hearing it is believed that the Honorable Court would inform him about any appeal rights if he was not satisfied with the guilty plea, and what he would receive for a sentence.

12. Therefore, this Honorable Court should allow the defendant to withdraw his plea, and vacate his sentence on the rule 11(c) violation.

### INEFFECTIVENESS OF COUNSEL

13. This Honorable Court appointed James McKinley, from the Indiana Federal Community Defender, to represent the defendant. However, it seems that Attorney James McKinley had allowed the defendant to plea guilty to knowingly to an automatic life sentence.

14. The Defense Counsel, James McKinley had failed to ask for any discoveries, or anything that the United States District Attorney had on the case.

15. Defense Counsel, James McKinley had failed to investigate the case, and to see if the cell phone that contained the pornographic images had crossed interstate or Foreign commerce by any means, including mailed shipped, or transported.

16. Just because the cell phone was made in a different state, and then was transported to Indiana, and bought in Indiana, that does not mean any child pornographic images were on the phone at the time when the phone was being transported to Indiana, and sold in Indiana. Therefore, the Government had to prove that the illegal images themselves crossed the interstate or foreign commerce, but Defense Counsel, James McKinley, did not put up any type of adversarial testing, leaving the defendant with ineffective assistance of counsel.

Therefore, Counsel is ineffective for not investigating the case, nor did he put the Government to an adversarial testing as required, leaving a defendant to plea guilty to an automatic life imprisonment.

Wherefore, there is rule 11(c) violation for the guilty plea and there is ineffectiveness of counsel, that if the defendant was made fully aware of what the defendant would have been giving up during this plea, he would not have entered a plea of guilty and would had forced the Government to take this case to trial and prove each and every element of the indictment. Which, they would not have been able to, and that in itself requires that this Honorable Court Vacate, and Set Aside the guilty plea and withdraw the life imprisonment, and allow the defendant to plea anew, or take this case to trial.

So, the Defendant, Rickie L. Rarey humbly hopes and prays that this Honorable Court will vacate and set aside his guilty plea, and the life imprisonment.

Respectfully Submitted,

Dated: February 2, 2011

Rickie L. Rarey, Pro Se
Fed. Reg. No: 09273-028
United States Penitentiary-Tucson
P.O. Box 24550
Tucson, AZ   85734