FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 FEB -7 PM 4: 48

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA )
)
)
.VS. ) CRIMINAL CASE NO: 1:09CR00130-001
)
)
RICKIE L. RAREY ) 1:11-cv-0192 LJM -MJD

MEMORANDUM OF LAW IN SUPPORT OF THE PETITION FOR A COPY
OF THE DEFENDANT'S CRIMINAL PROCEEDING TRANSCRIPTS FOR
THIS INSTANT CASE, IN WHICH, THE DEFENDANT CAN USE
THESE TRANSCRIPTS TO PERFECT HIS 28 U.S.C. § 2255 MOTION

Defendant, Rickie L. Rarey had filed a petition for a

28 U.S.C. 2255 Motion to Vacate, Set Aside, or Correct a

Sentence, in a timely matter.  He had raised an issue

concerning Federal Rules of Criminal Procedure, Rule 11(c)

violations, to assist this Honorable Court it would be best to

provide the Defendant a copy of his criminal proceeding

transcripts to confirm or refute the rule 11 issue

violations.

....Fees for transcripts furnished in proceedings

brought under 2255 of this tile [28 USCS 2255] to persons

permitted to sue or appeal in forma pauperis shall be paid by

the United States out of money appropriated for the purpose if

the trial judge or a circuit judge certifies that the suit or

appeal is not frivolous and that the transcript is needed to

decide the issue presented by the suit or appeal.  **Title 28**

**U.S.C. 735(f)**.  The Supreme Court found that state procedures

which deny a pro se defendant access to a transcript are

unconstitutional. **Greene V. Brigano, 904 F.Supp. 675, at p.**

**678, (S.D. Ohio 1995)**.  An indigent defendant is of course

entitled to a free trial transcript on appeal.  **U.S. V.**

**Brentley, 961 F.2d 425, at p. 426, (3rd Cir. 1992)**.

Indigents, however, cannot obtain transcripts merely

to search for grounds for relief.  (citation omitted) The

district court has the power to order a free transcript

furnished [for an indigent] if it finds that the "suit...is

not frivolous and that the transcripts is needed to decide the

issue presented...." **Thompson V. Housewright, 741 F.2d 213, at**

**p. 215, (8th Cir. 1984)**  The right to notice 'plain errors or

defects' is illusory if no transcripts is available at least

to one whose lawyer on appeal enters the case after the trial

is ended.  **Hardy V. United States 375 U.S. 277, at p. 280, 84**

**S.Ct. 424, 11 L.Ed.2d 331, at p. 334, (1964)**.  Excessive delay

in providing trial transcript can amount to a due process

violation...due process can be denied by failure to transcribe

testimony necessary for completion of appellate record.

**Cameron V. LeFevre, 887 F.Supp. 425, at p. 432 (E.D. N.Y.**

**1995)**

Therefore, the defendant is entitled to a copy of the

transcripts to help to decide the issue on the rule 11

violation that he presented to this Honorable Court on a 2255

motion.

Wherefore, for the foregoing reasons the Defendant, Rickie L. Rarey humbly hopes and prays that all the transcripts that he requested in the petition will be provided to him as quickly as possible.

Respectfully Submitted,

Dated: <u>February 2, 2011</u>

Rickie L. Rarey
Fed. Reg. No: 09273-028
United States Penitentiary-Tucson
P.O. Box 24550
Tucson, AZ  85734